FILED
BILLINGS DIV.

2005 DEC 12  AM 10 33

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Cause No. CR 97-124-BLG-JDS-4 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **PEDRO HERNANDEZ,** | ) | **ORDER** |
| | ) | * * * * * |
| Defendant. | ) | |

## I. PRELIMINARY SCREENING

Defendant Pedro Hernandez moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts three grounds for doing so. Pursuant to the second paragraph of 28 U.S.C. § 2255, the Court must conduct a preliminary review of the motion to determine whether, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. BACKGROUND

Pedro Hernandez was a defendant in two cases. First, in CR 97-124-BLG-JDS, twelve defendants were charged in a 22-count indictment, including conspiracy, marijuana distribution, and money laundering charges. On December 7, 1998, a jury found Hernandez guilty on Counts 1 through 18. Next, in CR 98-120-BLG-JDS, Hernandez was charged with Money Laundering. On February 11, 1999 a jury found him guilty in that case.

On June 16, 1999, Hernandez was sentenced to life imprisonment. The Ninth Circuit Court of Appeals affirmed Hernandez's conviction but vacated the sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000).

On September 18, 2002, Hernandez was re-sentenced with respect to CR 97-124 to a term of 120 months on Counts 1-8 with those counts to run consecutive to each other; and 240 months on counts 9-18 with all counts to run concurrently to each other and concurrent to counts 1-8 for a total of 960 months. *(Transcript of Re-sentencing dated September 18, 2002, pp.17,18).*

On November 20, 2002, Hernandez was re-sentenced with respect to CR 98-120-BLG-JDS to a term of 240 months with three years of supervised release to run consecutively with the sentence imposed in CR 97-124-BLG-JDS.

### III.  GROUNDS FOR RELIEF I AND II.

Grounds for relief I and II are without merit. In Ground I, Defendant argues that a jury's failure to find a specific drug quantity beyond a reasonable doubt mandates re-sentencing in accordance with 21 U.S.C. § 841(b)(3). In his brief Hernandez argues that his sentencing was improper in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). Specifically, Hernandez maintains that the principle announced in Blakely is a substantive rule because it holds that the jury must make findings that enhance a sentencing decision. However, the Ninth Circuit Court of Appeals has determined that Blakely is not a substantive rule, but rather a procedural rule

2

which is not to be applied retroactively. Schardt v. Payne, 414 F.3d 1025, 1036 (2005). Since Hernandez's sentences became final on September 18, 2002 and November 20, 2002 respectively, well before the decision in Blakely, his first ground for relief fails.

Similarly, in Ground II Hernandez argues that, "in light of Blakely and by revisiting Apprendi, taken contemporaneously with the argument of Booker and FanFan the Sentencing Court committed 'plain error' in establishing the quantitative amount absence [sic] the trier of fact". *See* Hernandez's Petition for Habeas Corpus as per 28 U.S.C. § 2255 p. 27. For the same reasons mentioned above, Hernandez's argument is based primarily on Blakely and its progeny which do not apply retroactively and his second ground for relief fails. See also United States v. Cruz (holding that Booker like Blakely provides a procedural rather that substantive rule and thus retroactive application is inappropriate).

## IV. GROUND III.

Finally Hernandez seeks relief under Section 2255 by alleging his trial attorney rendered ineffective representation by failing to attempt to consolidate the separate trials. Specifically, Hernandez argues that the allegations pursuant to CR-97-124-BLG-JDS (conspiracy to distribute marijuana) and CR-98-120-BLG-JDS (money laundering) were all derived from a common nucleus of material fact and thus should have been consolidated at trial. Hernandez alleges that his attorney was advised that to allow the related allegations to be tried separately might result in consecutive sentencing. Hernandez essentially alleges that his attorney failed to consolidate these matters thereby causing prejudice.

The United States Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970). To prevail on his claim of ineffective assistance of

3

counsel, Hernandez is required to show that his attorney's representation fell below an objective standard of reasonableness and that and that any deficiencies in counsel's performance were prejudicial. *See* United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir.2005) *citing* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Given this rigorous standard, Hernandez fails to show the Court how his attorney's representation was ineffective or any prejudice that he suffered. Primarily, The Court notes that CR 97-124-BLG-JDS was a twelve defendant case. Thus the chances of success for continuing the matter and consolidating the offenses with respect to Hernandez alone is suspect. Indeed, absent additional facts, Hernandez's attorney's decision not to attempt to consolidate the charges in this matter could be regarded as common strategy and does not rise to the level of ineffective assistance of counsel. Hernandez makes a conclusory statement that the money laundering charges arose out of the same factual nucleus but sets forth no specific facts supporting that conclusion. Because the attorney's decision not to seek consolidation of the trials resulted in a consecutive sentence is not by itself ineffective assistance. In fact, it is conceivable that the attorney's decision could have worked in Hernandez's favor. This Court will not second guess every strategic decision of counsel within the scope of representation.

Consequently, the Court finds that the attorney's alleged failure to attempt consolidation of the separate trials in this action did not fall, "outside the wide range of professionally competent assistance." *See* Strickland, 466 U.S. at 690. Thus, Hernandez fails to meet the first prong of the Strickland test, which requires a showing that counsel's representation fell below an objective standard of reasonableness. This failure makes it unnecessary to examine the other prong, that deficiencies in counsel's performance were prejudicial. Since Defendant has not met the standard for ineffective assistance of counsel, his third ground for reconsideration and a new

4

trial is also without merit.

## V. CONCLUSION

There are no questions of fact that require resolution in an evidentiary hearing. Hernandez is not entitled to relief on any of the grounds set forth in his motion or brief.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Hernandez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 607) is **DENIED**.

2. The Clerk of Court shall ensure that all pending motions regarding this defendant are mooted in this case and in Cause No. CV 05-19-BLG-JDS and shall close the civil file.

DATED this 12th day of December, 2005.

*Jack D. Shanstrom*
Jack D. Shanstrom
Senior United States District Judge