IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PEDRO HERNANDEZ,<br><br>Defendant. | Cause No. CR 97-124-BLG-SPW<br>CR 98-120-BLG-SPW<br><br><br>ORDER |

For a second time, Defendant Hernandez moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Pursuant to Standing Order BMM-13, Hernandez is represented by counsel.

A district court may reduce a defendant's sentence on the defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court

1

denied Hernandez's first motion on April 22, 2021, because he failed to comply

with this requirement.  *See* Order (Doc. 713).

On October 15, 2021, counsel filed a second, supplemental motion for

Hernandez (Doc. 722).  He asserts:

> Defendant's motion is properly before this Court because more than
> 30 days have passed since Defendant submitted his request for
> compassionate release with the warden and the warden denied the
> request.  However, in the event that Defendant's prior request is not
> located and/or in anticipation the government will assert the following
> supplemental claims have not, yet, been exhausted, Defendant
> highlights the following. . . . Defendant submitted another
> compassionate release request via email to the Warden through the
> undersigned on October 15, 2021.  Thirty days will pass either by the
> time briefing in this case is complete and or before this Court
> ultimately rules on the case.

Supp. Mot. (Doc. 722) at 2–3.  Counsel did not attach to his motion any

documentation indicating that Hernandez submitted a request to the Warden before

he filed a motion in this Court.

The United States' response to counsel's motion "incorporates, in full, its

initial response," Resp. (Doc. 725) at 1–2, meaning the response it filed in

December 2020 to Hernandez's first, denied motion.  That response included an

assertion that Hernandez did not submit a request for release to the warden.  *See*

U.S. Resp. (Doc. 710) at 6–7.  The United States did not discuss counsel's

assertion that he submitted a request on Hernandez's behalf on October 15, 2021.

2

Hernandez did not reply to the response. By incorporating its previous brief, the United States, at best, just barely "properly raised" the exhaustion issue. *See United States v. Keller*, 2 F.4th 1278, 1272 (9th Cir. 2021). In another case, the Court might be open to an argument that incorporating a previous response does not properly raise the defense. But Hernandez does not make the argument. Nor has he shown that he has met the presumably more time-consuming requirement that he "fully exhaust[] all administrative rights to appeal." 18 U.S.C. § 3582(c)(1)(A).

The Court can only conclude that Hernandez did not file "*after* . . . the lapse of 30 days from the receipt of . . . a request by the warden," as the statute plainly requires. Counsel appears to concede that no record of exhaustion exists. The Court's ruling on the first motion was available to counsel as soon as he appeared in the case. He appeared more than 30 days before filing the supplemental motion. Beginning the exhaustion process on the same day the motion is filed in this Court does not comply with 18 U.S.C. § 3582(c)(1)(A).

Hernandez may file another motion if he has now met the exhaustion requirement of the statute or, if not, when he does so.

Accordingly, IT IS ORDERED that Hernandez's motions for compassionate

3

release under 18 U.S.C. § 3582(c)(1)(A) (97-124 Docs. 715, 722; 98-120 Docs.

132, 135) are DENIED for failure to comply with the statute.

DATED this _24th_ day of May, 2022.

Susan P. Watters
United States District Court

4